HEIMBACH, P. Jf,
— Defendant was found guilty by a jury of prison breach. Summarized, the Commonwealth’s evidence is this:
Defendant was committed by this court to the county jail as a parole violator, with leave to the sheriff for his commitment to another institution. To effect his transfer to another institution (Dallas) defendant was handcuffed and, while being escorted to a waiting automobile by the deputy sheriff, fled. Defendant was apprehended several days later.
Defendant says that his escape having taken place outside the prison walls, he cannot be charged with, nor found guilty of, prison breach.
The Penal Code of June 24,1939, P. L. 872, sec. 309, as amended 18 PS §4309, inter aha, provides:
"Any person undergoing imprisonment, whether *203 before or after conviction, who breaks prison or escapes, or shall break prison ... is guilty of prison breach . . .
“The word ‘imprisonment,’ as used in this section, means actual confinement in any penal or correctional institution, ... or any restraint by lawful authority pursuant to a commitment issued by an issuing authority, a court order or after conviction of any crime.”
Defendant having been under restraint by a duly constituted deputy sheriff pursuant to a court order at the time of his escape, he clearly comes within the provisions of the statute: Commonwealth v. Weaver, 10 D. & C. 2d 412.
Wherefore, defendant’s motion in arrest of judgment is denied, and it is directed that he be brought before the court for sentencing.